**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                  No. 97-4472

ALICEDES MOREJON CORCHO,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CR-96-199-2)

Submitted: June 16, 1998

Decided: August 20, 1998

Before MICHAEL and MOTZ, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Arthur T. Ciccarello, CICCARELLO, DELGIUDICE & LAFON,
Charleston, West Virginia, for Appellant. Rebecca A. Betts, United
States Attorney, Miller A. Bushong, III, Assistant United States
Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Alicedes Corcho appeals his convictions for conspiracy to distribute and possess with the intent to distribute cocaine and aiding and abetting possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841, 846(a)(1) (1994) and 18 U.S.C.§ 2 (1994). Corcho was sentenced to 120 months in prison followed by eight years of supervised release, a fine of $5,000, and a special assessment of $200. He appeals his conviction and sentence. Corcho's attorney has filed a brief in accordance with Anders v. California , 386 U.S. 738 (1967), raising one possible issue for review, but indicating that in his view, there are no meritorious issues on appeal. Though notified of his right to file a supplemental brief, Corcho has not done so. Corcho's attorney raises the question of whether the failure to obtain a search warrant to search an automobile known to contain drugs was unreasonable in violation of the Fourth Amendment.

In September 1996 Paul Michael Moore was arrested by the Kanawha County, West Virginia, Metro Drug Unit for possession of cocaine. Moore said he bought the cocaine from Corcho, who lived in Miami, Florida. Moore agreed to cooperate with the police in an investigation of Corcho, and Moore was released on bond. In October 1996 Moore told the police that Kenneth Cisco and another man were driving to Miami to pick up Corcho and bring him back to West Virginia with cocaine. Cisco called Moore several times during the trip. When Cisco and his party were on the way back from Florida, Moore (with the knowledge of the police) wired Cisco money to buy tires. Soon thereafter, Moore told the police that Cisco, Corcho, and the third man would be crossing into West Virginia on a certain day and that they were carrying cocaine. Moore also gave the police a detailed description of the vehicle being used to transport the cocaine. On the specified day the police set up surveillance on the West Virginia Turnpike and observed a car matching Moore's description. The

2

police followed the car to Charleston, where they stopped the car and questioned the occupants. Cisco, the owner of the vehicle, and the third man (Lewis Lanham, the driver) told the officers where the drugs were hidden in the car and allowed them to search the vehicle.

Because Corcho failed to object to the search at trial, this Court reviews for plain error. See United States v. Olano, 507 U.S. 725, 736-37 (1993). Police may search a vehicle without a warrant when they have probable cause to believe that the vehicle or a container within it contains contraband or evidence of criminal activity. See Pennsylvania v. Labron, 518 U.S. 938 (1996); United States v. Ross, 456 U.S. 798, 823-24 (1982). Probable cause to search exists when there is "a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983). Given the information provided by Moore and the subsequent surveillance corroborating that information, we conclude the police had probable cause to believe the car in which Corcho was riding contained drugs. The warrantless search of the car was proper. We therefore affirm Corcho's convictions and sentence.

In accordance with the requirements of Anders , we have examined the entire record in this case and find no meritorious issues for appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED